UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EUGENE FLEMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-11518-RWZ |
| | ) | |
| MASSACHUSETTS ATTORNEY GENERAL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| EUGENE FLEMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 13-11523-RWZ |
| v. | ) | |
| | ) | |
| LOUIS FARRAKHAN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

ZOBEL , D.J.

BACKGROUND

On June 20, 2013, plaintiff Eugene Flemon ("Flemon"), a frequent filer in this

Court,[1] and presently a prisoner in custody at the Bridgewater State Hospital in

Bridgewater, Massachusetts,[2] submitted two self-prepared complaints together in one

---

[1]See Flemon v. Reilly, C.A. 02-12161-MLW; Flemon v. Reilly, C.A. 04-10114-GAO; Flemon v. Reilly, et al., C.A. 03-12490-MLW; Flemon v. Citizen's Bank, C.A. 03-12645-DPW; Flemon v. Brookline District Court, C.A. 04-10112-JLT; Flemon v. Rice,C.A. 04-cv-10301-JLT.

[2]An internet search of the Massachusetts Department of Correction's ("DOC") list of offenders indicates that Flemon is in the custody of the DOC, and currently is housed at Bridgewater State Hospital, a medium security facility.  Records of the Bridgewater

package.  Although filed together, the two complaints were given separate case numbers and treated as related.

I.      Flemon v. Massachusetts Attorney General, et al., C.A. 13-11518-RWZ

In the first complaint, Flemon names as defendants: (1) the Massachusetts Attorney General; (2) Louis Farachan [sic] ("Farrakhan");[3] (3) District Attorney Tom Brennan ("Brennan"); (4) five unidentified officers of the Norfolk Superior Court in Dedham, MA; (5) two unidentified officers at the Dedham Jail; (6) District Attorney Dan Flaherty; (6) five unidentified officers at the Plymouth County Jail; (7) two unidentified officers employed by the Massachusetts Bay Transit Authority ("MBTA"); and (8) unidentified Boston Police Officers.

The complaint is disjointed and is virtually unintelligible.  From what can be discerned, Flemon makes a number of random allegations concerning or related to state criminal matters occurring during the period from 1972 through 1995.  First, Flemon alleges that an unidentified worker at the Massachusetts Attorney General's Office committed an assault and battery in the past in connection with his (unidentified) conspiracy case.  He does not provide any dates or any context for this allegation.

He next contends that he had a telephone conference with Farrakhan in 1972 in which he "stated to Mr. Louis open up finla [sic] call newspaper and more businesses around the world on D.A. Tom Brennan phone conference."  Compl. at ¶ 2.

_____

State Hospital indicate that Flemon is a pretrial detainee charged with rape in the West Roxbury District Court.

[3]Presumably, Flemon is referring to Nation of Islam leader Minister Louis Farrakhan.

With respect to District Attorney Brennan, Flemon alleges that Brennan
committed an assault and battery on him in the Norfolk Superior Court in Dedham,
Massachusetts when Brennan spit on his face on October 10, 1995.  Flemon further
contends that Brennan appeared on television in the 1970's and stated "if someone spit
in your face spit back with a White man that repersent [sic] the Commonwealth.  D.A.
Tom Brennan and the man came on T.V. with D.A. Tom Brennan."  Id. at 2, ¶ 1.

Next, Flemon alleges that a female court officer assaulted him because she
"pated [sic] hit [sic] ass back in 1996 can she stated I did that for Good lucky [sic]"  Id. at
1, ¶ 4.  He also alleges that an unidentified Brookline Police Officer placed false
information in his police report.  In the next sentence in his complaint, Flemon requests
that the "KuKlax [sic] Klan Rep come back to work for the Commonwealth."  Id. at 1,
¶ 5.

With respect to matters occurring in 1986, Flemon alleges that an unidentified
MBTA Officer hit him in the courtroom at the Suffolk Superior Court.  He appears to
allege that he had a trial in that court, but did not execute [an unidentified] waiver form,
and thus wrongfully received a sentence of 3 to 5 years.  Further, he alleges that he had
a trial in the Roxbury District Court in Boston relating to a drug charge, and he was
assaulted and battered.  He does not identify who committed the assault or when.

Flemon seeks $5 million "with the Klu Klux Klan account number that [he] had
before."  Id. at ¶ 4.  He also seeks to have disclosed some unidentified information to
public newspapers and have the information televised news around the world.  Finally,
Flemon seeks "25.00.00" for an armed robbery case that was dismissed in 1981, and
further states that the "judge allow[ed] it, I received the check didn't cashed [sic].

3

Settlement, I signature my to complaint, and juvenile at that time, was born [in 1967].

been harrssment [sic] For lot year,...I request put my funds in Federal Bank for I make

withdraw From Bank. Id. at 3, ¶ 1 [sic].[4]

Flemon did not pay the filing fee for this civil action, nor did he seek a waiver of

the fee.

II.   Flemon v. Farrakhan, et al., C.A. 13-11523-RWZ

In the second civil complaint, Flemon names as defendants: (1) Minister Louis

Farachan [sic]; (2) John Doe; (3) Jane Doe; and (4) Bank General.  This complaint also

is virtually unintelligible.  From what can be gleaned, Flemon claims that Farrakhan

opened a business for him but he did not receive money from it.  He again contends

that District Attorney Brennan had a telephone conference with him and Farrakhan in

1972, in which Flemon requested that Farrakhan open up financial businesses around

the world.  Next, he alleges that John Doe and Jane Doe were involved in a check

scandal in his name, but provides no information about this.  He seeks to have the Clerk

Magistrate (unidentified) disclose this information to the public.  Additionally, he seeks

monies from Farrakhan; however, the basis for this suit is unclear.  As relief, he states

he is "suing Bank General Funds [to] recall all money and businesses."  Compl. at 1, ¶

7.

---

[4]In the Civil Action Cover Sheet accompanying Flemon's filings, he states that his suit is to recall funds and assault and battery.  Also attached were several exhibits, including information concerning a Ch. 209A restraining order entered on October 6, 1994 in Case No. 9407RO1711, a restraining order entered on November, 1994 in Case No. 9409RO165, and a restraining order in Case No. 1107RO0171 entered February 26, 2011.  Finally, he attaches his criminal record for charges during the period 1981 to 2013.

Flemon did not pay the filing fee for this action, nor did he seek a waiver thereof.

DISCUSSION

I.    The Filing Fee*s*

A prisoner bringing a civil action or actions must, in each case, either: (1) pay the $350.00 filing fee and the $50.00 administrative fee, <u>see</u> 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, <u>see</u> 28 U.S.C. § 1915 (proceedings *in forma pauperis*).[5]  Where, as here, Flemon is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Based on this account information, the Court assesses the initial partial assessment to be paid toward the filing fee, which is collected pursuant to 28 U.S.C. § 1915(b).

As noted above, Flemon has not paid the filing fee for each of his two civil actions, nor has he sought a waiver thereof by filing a Motion for Leave to Proceed *in forma pauperis* accompanied by his prison account statement.  Generally, this Court would afford a *pro se* prisoner an opportunity to satisfy the filing fee requirements by paying the fee(s) or filing a motion to waive the filing fees.  In this case, however, this action will be dismissed *sua sponte* for the reasons stated herein, and thus no opportunity to resolve this issue need be afforded to Flemon.

---

[5]The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*.  <u>See</u> Judicial Conference Fee Schedule.

II.    These Actions are Subject to Preliminary Screening

Notwithstanding that Flemon has not been granted *in forma pauperis* status (and thus a preliminary screening under 28 U.S.C. § 1915(e) is not authorized), this Court has statutory authority to preliminary screen Flemon's complaints pursuant to 28 U.S.C. § 1915A.  Section 1915A authorizes review of prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

This Court also has inherent authority to manage its own cases and to review a case to determine, among other things, whether or not it is frivolous as that term is used in legal parlance.  See Bustos v. Chamberlain, 2009 WL 2782238, *2 (D.S.C. 2009) (noting that the court has inherent authority "to ensure a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous") citing, *inter alia*, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 307-308 (1989); see also Cox v. Rushie, 2013 WL 3197655, *4 (D. Mass. June 18, 2013) ("where a § 1915 screening was not applicable because a *pro se* party paid the filing fee, the Court still had inherent authority 'wholly aside from any statutory warrant' to act *sua sponte*"); citing Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) and Rolle v. Berkowitz, 2004 WL 287678, *1 (S.D.N.Y. 2004) (*sua sponte* dismissal in fee-paying *pro se* case is warranted where the claims presented no arguably meritorious issue to consider).  This Court has the authority to dismiss a complaint *sua sponte* for failure to state a claim.  See Gaffney v. State Farm Fire and Cas. Co., 294 Fed. Appx. 975, 977

(5th Cir. 2008) (unpublished decision stating: "This court has on numerous occasions recognized the inherent authority of a district court to dismiss a complaint on its own motion for failure to state a claim.").

Nevertheless, *sua sponte* dismissals for failure to state a claim are warranted only where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile."  See Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) citing Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir.2001) (*sua sponte* dismissal permissible "if material facts are crystal clear and no amendment of the complaint could possibly serve to alter the Court's disposition of Plaintiff's claims"); see also Brown v. Rhode Island, 2013 WL 646489, *1 (1st Cir. Feb. 22, 2013) citing Chute, and stating that no safeguards (*i.e.*, notice and opportunity to amend the complaint) need be provided if the complaint is "patently meritless and beyond all hope of redemption").

In connection with the preliminary screenings, this Court construes Flemon's complaints generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading neither complaint passes muster.

III.    Failure to Comply With Fed. R. Civ. P. 8

As a threshold matter, Flemon has, in both cases, failed to set forth any plausible claims upon which relief may be granted, nor has he complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement

must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action ...., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

As noted above, Flemon's complaints are not coherent and his allegations fail to set forth any underlying factual support including the who, what, when, where, and why information.  The claims for relief are incomprehensible in both cases.

IV.    Plaintiff's Claims are Barred by the Statute of Limitations

Flemon's claims alleging assault and battery, violations of 42 U.S.C. § 1983, and any other claims for wrongdoings that occurred from 1972 to 1995, (and even through March 20, 2013), are barred by the applicable statute of limitations.  The statute of limitations for claims under the Civil Rights Act is three years. Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); Govan v. Trustees of Boston Univ., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§ 1981, 1985).  Cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); Mass. Gen. Laws ch. 260, § 2A (three-year

statute of limitations for personal injury claims).  The statute of limitations for assault

and battery is also three years.  Mass. Gen. Laws ch. 260, § 2A.  Here, there is no basis

to find that any equitable tolling would exist for any of his claims, and therefore his

claims are deemed to be time barred and "frivolous."[6]

## V.    The Two Complaints are Frivolous and Amendment Would be Futile

As a final matter, apart from the legal impediments noted above, the complaints

are, on their face, eccentric and patently meritless, and it is clear that granting Flemon

an opportunity to amend his complaints would be futile. Abraham v. Woods Hole

Oceanographic Inst., 553 F.3d 114, 117 (1st Cir.2009) (motion for leave to

amend "should be granted unless the amendment would be futile or reward undue

delay") citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st

Cir. 2006)).  Accordingly, these actions will be DISMISSED sua sponte as frivolous.

## VI.    Plaintiff is Warned of Sanctions for Further Frivolous or Abusive Filings

The simultaneous filing of two meritless lawsuits is abusive.  Furthermore,

Flemon has a history of filing meritless suits that have been dismissed pursuant to the

Court's preliminary screening authority of 28 U.S.C. § 1915(e).  See Flemon v. Reilly, et

al., C.A. 03-12490-MLW (a suit against District Attorney Brennan challenging Flemon's

1994 criminal conviction, dismissed for lack of prosecution); Flemon v. Rice, C.A. 04-

---

[6]This Court recognizes that a complaint may be dismissed on statute of
limitations grounds "only if 'the pleader's allegations leave no doubt that an asserted
claim is time-barred.'"  Young v. Lepone, 305 F.3d 1, 8 (1st Cir. 2002) (quoting
LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).  The United
States Court of Appeals for the First Circuit has held, however, that "a complaint which
states a claim that appears to have expired under the applicable statute of limitations
may be dismissed as frivolous" under the in forma pauperis statute.  Johnson, 943 F.2d
at 107 (quoting Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), cert. denied, 112 S. Ct.
948 (1992)).

10301-JLT (case against Flemon's attorney in 1994 terminated by clerk for failure to comply with the Order directing Flemon to file a new *in forma pauperis* application and to show good cause); Flemon v. Brookline District Court, C.A. 04-10112-JLT (challenging a 1994 criminal conviction in the Norfolk Superior Court on the grounds that there was no criminal indictment from the Brookline District Court; case terminated by clerk for failure to comply with the Order directing Flemon to file a new *in forma pauperis* application and to show cause); Flemon v. Citizens Bank, C.A. 03-12645-DPW (dismissed for failure to show good cause and for the reasons set forth in the show cause Memorandum and Order).

This Court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. 1999) (*per curiam*) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)). Further, under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2); Eagle Eye Fishing Corp. v. Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) (*pro se* parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to *pro se* litigants) (citation omitted). Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent. See Navarro-Ayala v. Nunez, 968 F.2d 1421, 1426 (1st Cir. 1992).

Finally, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the

10

issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior.

See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v.

Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same).  As noted above, Flemon is

continuing to engage in a pattern of filing meritless lawsuits.

Accordingly, Flemon is WARNED that further filings of frivolous lawsuits or

pleadings may warrant the imposition of sanctions, including an order enjoining him

from filing further lawsuits or pleadings absent prior permission of a judge to file.

VII.   Application of the Three-Strikes Rule of 28 U.S.C. § 1915(g)

Under the three strikes rule, a prisoner may be denied *in forma pauperis* status, if

he has had, on three or more prior occasions, an action or appeal dismissed on the

ground that it was frivolous, malicious, or failed to state a claim upon which relief may

be granted.  28 U.S.C. § 1915(g).  Where a prisoner has "three-strikes," he may only

proceed *in forma pauperis* if he is "under imminent danger of serious physical injury."

Id.  In other words, in order to proceed with a civil action, a three-strike prisoner must

pay the $400.00 filing fee for any civil action, unless the action seeks relief from

imminent danger of bodily harm.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 313, 315

(3d Cir. 2001) (holding prisoner may invoke the imminent danger exception to 1915(g)

only to seek relief from a danger which is imminent at the time the complaint is filed).

In reviewing Flemon's litigation history, it appears that the dismissal by Judge

Woodlock in the case Flemon v. Citizens Bank, C.A. 03-12645-DPW was clearly a

dismissal on the merits, and thus may be deemed to be a "strike" against Flemon.

Arguably, however, the basis for the other dismissals of the cases noted above are not

quite as clear, as they were terminated either for lack of prosecution or failure to comply

11

with the Court Order to show good cause.  In any event, this Court intends that, for

purposes of any three strike evaluation with respect to any <u>future</u> lawsuits that may be

filed by Flemon, the dismissal of each of the civil actions at issue here is a decision

based on the merits pursuant to 28 U.S.C. § 1915A and the Court's inherent authority to

dismiss frivolous cases.[7]

CONCLUSION

       Based on the foregoing it is hereby Ordered that:

1.    Civil Action No. 13-11518-RWZ is <u>DISMISSED</u> in its entirety *sua sponte*;

2.    Civil Action No. 13-11523-RWZ is <u>DISMISSED</u> in its entirety *sua sponte*;

3.    The dismissal of these two civil actions is a decision based on the merits; and

4.    Plaintiff is <u>WARNED</u> he may be subject to sanctions should he continue to file

    frivolous lawsuits.


SO ORDERED.              /s/ Rya W. Zobel
                               RYA W. ZOBEL
                               UNITED STATES DISTRICT JUDGE

DATED: July 12, 2013

---

[7]Because the dismissals potentially are subject to appellate review, this Court declines to hold that the dismissals constitute strikes at this time; the Court merely clarifies the decisions are based on the merits.